IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICKI J. LEALI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02:04cv1421 |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

March 7, 2006

**I.      Introduction**

Plaintiff, Vicki J. Leali, brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final determination of the Commissioner of Social Security ("Commissioner") which denied her application for social security income ("SSI") under title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381-1383f.

**II.     Background**

**A.      Facts**

Plaintiff was born on June 29, 1963. She graduated from high school and has past work experience as an assistant manager at a fast food restaurant, a produce clerk, a cashier, and a receptionist. The vocational expert testified that these past jobs had exertional demands which range from sedentary to medium and were unskilled to semi-skilled in nature.

1

Plaintiff alleges physical and mental impairments which stemmed from injuries she sustained on April 13, 2001, when she was involved in a motor vehicle accident. Plaintiff alleges disability due to constant pain in her neck and lower back, and post-traumatic stress disorder with panic attacks and severe depression. The record reflects that Plaintiff has not engaged in substantial gainful activity since her alleged onset date.

### B. Procedural History

Plaintiff filed the instant application for SSI on July 23, 2002, in which she claimed total disability since April 1, 2001. An administrative hearing was held on November 18, 2003, before Administrative Law Judge Alma S. de Leon ("ALJ"). Plaintiff was accompanied by her representative, Lawrence L. Rowan, who is a lay advocate, and testified at the hearing. Also testifying at the hearing was Frances N. Kinley, M.Ed., an impartial vocational expert.

On December 11, 2003, the ALJ rendered an unfavorable decision to Plaintiff in which she found that Plaintiff had the residual functional capacity to perform work at the sedentary exertional level, with restrictions.[1] The ALJ's decision became the final decision of the Commissioner on August 3, 2004, when the Appeals Council denied Plaintiff's request to review the decision of the ALJ.

On September 17, 2004, Plaintiff filed her Complaint in this Court in which she seeks

---

[1] Specifically, the ALJ found that Plaintiff had the residual functional capacity to perform sedentary work within the following parameters:
"1. she can lift and carry no more than 10 pounds; 2. she has limited ability to reach overhead; 3. she has limited ability to push and pull with her upper and lower extremities; 4. she cannot tolerate exposure to temperature extremes; 5. she is limited to occasional bending, stooping, crouching, climbing, balancing, squatting, walking and/or kneeling; 6. she cannot deal with the public; 7. she cannot make complex decisions; 8. she cannot follow detailed instructions; and 9. she cannot cope with stress in critical situations." ALJ Decision, Finding No. 2.

judicial review of the decision of the ALJ.  The parties have filed cross-motions for summary judgment.  Plaintiff argues that the decision of the ALJ is not supported by substantial evidence of record.  The Commissioner contends that the decision of the ALJ should be affirmed as it is supported by substantial evidence.  The Court agrees with the Commissioner and will therefore grant the motion for summary judgment filed by the Commissioner and deny the motion for summary judgment filed by Plaintiff.

### III. Legal Analysis

#### A. Standard of Review

The Act limits judicial review of disability claims to the Commissioner's final decision. 42 U.S.C. § 405(g).  If the Commissioner's finding is supported by substantial evidence, it is conclusive and must be affirmed by the Court. 42 U.S.C. § 405(g); *Schaudeck v. Comm'n of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999).  The Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).  It consists of more than a scintilla of evidence, but less than a preponderance. *Stunkard v. Secretary of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988).

When resolving the issue of whether an adult claimant is or is not disabled, the Commissioner utilizes a five-step sequential evaluation. 20 C.F.R. §§ 404.1520 and 416.920 (1995). This process requires the Commissioner to consider, in sequence, whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the

requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work. *See* 42 U.S.C . § 404.1520; *Burnett v. Commissioner of Social Security*, 220 F.3d 112, 118-19 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999)).

To qualify for disability benefits under the Act, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period." *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. § 423 (d)(1) (1982). This may be done in two ways:

> (1) by introducing medical evidence that the claimant is disabled *per se* because he or she suffers from one or more of a number of serious impairments delineated in 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1. *See Heckler v. Campbell*, 461 U.S. 458 (1983); *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777; or,
>
> (2) in the event that claimant suffers from a less severe impairment, by demonstrating that he or she is nevertheless unable to engage in "any other kind of substantial gainful work which exists in the national economy . . . ."

*Campbell*, 461U.S. at 461 (citing 42 U.S.C. § 423 (d)(2)(A)).

In order to prove disability under the second method, a claimant must first demonstrate the existence of a medically determinable disability that precludes plaintiff from returning to his or her former job. *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777. Once it is shown that claimant is unable to resume his or her previous employment, the burden shifts to the Commissioner to prove that, given claimant's mental or physical limitations, age, education., and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy.

*Stunkard*, 842 F.2d at 59; *Kangas*, 823 F.2d at 777; *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986); *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979).

Where a claimant has multiple impairments which may not individually reach the level of severity necessary to qualify any one impairment for Listed Impairment status, the Commissioner nevertheless must consider all of the impairments in combination to determine whether, collectively, they meet or equal the severity of a Listed Impairment. *Bailey v. Sullivan*, 885 F.2d 52 (3d Cir. 1989) ("in determining an individual's eligibility for benefits, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.")

In this case, the ALJ determined that Plaintiff was not disabled within the meaning of the Act at the fifth step of the sequential evaluation process. In making this determination, and relying on the testimony of the vocational expert, the ALJ concluded that jobs exist in the national economy that Plaintiff can perform given her age, education, work experience, and residual functional capacity.

**B.     Discussion**

As set forth in the Act and applicable case law, this Court may not undertake a de novo review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3rd Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). The Court must simply review the findings and conclusions of the ALJ to determine whether they are supported by substantial evidence. 42 U.S.C. § 405(g); *Schaudeck v. Comm'n of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).

Plaintiff argues that (i) the ALJ's finding that Plaintiff's testimony was not credible is not supported by substantial evidence; (2) the ALJ failed to give the medical opinions of Plaintiff's treating physicians, Sharon L. Altman, D.O., and Patrick J. Shaughnessy, M.D., controlling weight; and (3) the ALJ erred in her residual functional capacity assessment.

1.      *The ALJ's Credibility Analysis Was Proper*

The ALJ found that Plaintiff's "testimony is not credible to the extent that she alleges being incapacitated and unable to work." The ALJ explained that she had:

> assessed the collective impact that [Plaintiff's] impairments and subjective symptoms, including pain, have had on her functioning. I have considered her testimony together with all of the evidence from her treating and examining sources concerning the nature, location, onset, duration, frequency, radiation, and intensity of her pain and other symptoms, the factors that precipitate or aggravate them, and any measures she has employed to relieve them. I have also considered and evaluated her daily activities, her work record, the type, dosage, effectiveness, and possible adverse side-effects of her medications, and the effectiveness of other treatment, aside from medication, in controlling and relieving her symptoms.

(R. at 15-16.)

Credibility determinations by an ALJ need only be supported by substantial evidence on the record as a whole. *Miller v. Commissioner of Soc. Sec.*, 172 F.3d 303, 304 n.1 (3d Cir. 1999). The United States Court of Appeals for the Third Circuit has stated: "[I]n all cases in which pain or other symptoms are alleged, the determination or decision rationale must contain a thorough discussion and analysis of the objective medical and the other evidence, including the individual's complaints of pain or other symptoms and the adjudicator's personal observations. The rationale must include a resolution of any inconsistencies in the evidence as a whole and set forth a logical explanation of the individual's ability to work." *Schaudeck*, 181 F.3d at 433 (*quoting* Social Security Ruling ("SSR") 95-5p).

The ALJ found that the objective psychiatric evidence of record failed to support Plaintiff's allegations of a totally disabling mental impairment. The ALJ concluded that the record showed that Plaintiff's activities of daily living, social functioning and ability to maintain concentration, persistence and pace were only mildly to moderately limited as a result of her mental impairments.

For example, the psychiatric record reflects that Plaintiff responded well to psychiatric treatment and medication. Sharon Altman, D.O., Plaintiff's treating psychiatrist, routinely noted that Plaintiff was neat, cooperative, had intact cognition and memory, and that her symptoms were improving. Plaintiff was never hospitalized because of her mental condition and she reported that she did not entertain suicidal thoughts.

The ALJ also considered Plaintiff's daily activities. In particular, the ALJ noted that Plaintiff engaged in reading, light housekeeping, cooking, shopping, and, on special occasions, visiting her family and friends.

The ALJ found that Plaintiff's "testimony is not credible to the extent that she alleges being incapacitated and unable to work." (R. at 20.) The ALJ determined that while Plaintiff could no longer perform her past relevant work, she "remained functionally capable of making a successful vocational adjustment despite the combined effects of her impairments and subjective symptoms, including her complaints of pain, depression and anxiety." (*Id.*)

The Court concludes that since matters of credibility are within the province of the factfinder, the ALJ could properly determine that Plaintiff's statements and testimony were not entirely credible, and that substantial evidence supported her finding that Plaintiff is not disabled within the meaning of the Act.

> 2. *The ALJ Properly Determined that the Medical Opinions of Patrick J. Shaughnessy, M.D., and Sharon L. Altman, D.O., Were Not Entitled to Controlling Weight.*

"A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (internal citations omitted). The ALJ must weigh conflicting medical evidence and can choose whom to credit, but "cannot reject evidence for no reason or for the wrong reason." *Id*. at 317 (*quoting Plummer*, 186 F.3d at 429). The ALJ must consider all medical findings that support a treating physician's assessment that a claimant is disabled, and can only reject a treating physician's opinion on the basis of contradictory medical evidence, not on the ALJ's own credibility judgments, speculation or lay opinion. *Morales*, 225 F.3d at 317-318.

> a. <u>Physical Impairment - Patrick J. Shaughnessy, M.D.</u>

As to Plaintiff's physical impairment, the ALJ found that the October 2003 opinion of Patrick J. Shaughnessy, M.D., that Plaintiff was physically incapable of full-time work was not supported by the other medical record of evidence. The periodic examinations of Plaintiff by John G. Wassil, III, M.D., from July through December 2003, consistently revealed that Plaintiff regularly exhibited normal range of motion in her arms and legs, normal motor strength and normal reflexes. Plaintiff reported to Dr. Wassil that her medications and injections improved her headaches and her neck stiffness.

In October 2002, Nghia Tran, M.D., a state agency physician who reviewed Plaintiff's medical records, opined that Plaintiff could perform light work with no restrictions.

In May 2003, an MRI of Plaintiff's cervical spine revealed only mid-disc degeneration and focal bone marrow hyperintensity. In September and October 2003, Plaintiff reported relief from her arm pain after receiving epidural and facet blocks.

      b.     <u>Mental Impairment - Sharon L. Altman, D.O.</u>

Plaintiff's post-traumatic stress disorder, depressive symptoms, and panic attacks were first diagnosed in July 2002 by Sharon L. Altman, D.O., a psychiatrist. At the administrative hearing, Plaintiff testified that she has mood swings and cries once a day, but that she had not had a major panic attack since about six months prior to the hearing.

On March 4, 2003, Dr. Altman opined that Plaintiff was mentally incapable of working in any capacity. However, the ALJ also found that Dr. Altman's opinion was not supported by her own clinical findings. For example, her progress notes reflect that Plaintiff's condition significantly improved with treatment and medication over the course of their one year course of treatment. Dr. Altman consistently observed that Plaintiff was goal-directed and had a pleasant affect. Further, Dr. Altman regularly reported that Plaintiff's symptoms continued to improve and that she experienced no side effects from her medications.

Additionally, the ALJ found that Dr. Altman's opinion that Plaintiff would miss more than five days of work in an average month due to her mental problems, was not based on objective psychiatric findings or the record as a whole. Rather, this opinion appeared to be "mere projections that appear to reflect the claimant's allegations . . . ." (R. at 18.)

The ALJ also found that Dr. Altman's opinion was not consistent with the other psychiatric evidence of record. Roger Glover, Ph.D., a state agency psychologist, opined that Plaintiff's mental impairment, which was not expected to last for twelve months, mildly affected her daily

activities and social functioning and only moderately affected her ability to maintain concentration, persistence or pace.

      c.    Conclusion

Upon review of the medical evidence of record, the ALJ determined that Plaintiff had "more than minimal functional limitations due to her physical and mental impairments, subjective pain and other symptoms related to her April 2001 motor vehicle accident." (R. at 15.) However, the ALJ found that these impairments did not meet or equal an impairment listed in 20 C.F.R. pt. 404, subpt. P., app. 1. (*Id*.)

Under the regulations, the opinion of a treating physician concerning the nature and severity of an individual's impairment is entitled to controlling weight only if it is consistent with the other evidence of record and well-supported with clinical and diagnostic findings. 20 C.F.R. § 404.1527(d)(3) - (4). To the extent that Plaintiff is correct that a treating physician's findings and opinions are entitled to greater weight than attributed to it by the ALJ, the Court is guided by the pronouncement of the Court of Appeals for the Third Circuit in *Adorno v. Shalala*, 40 F.3d 43 (3d Cir. 1994):

> A statement by a plaintiff's treating physician supporting an assertion that [she] is "disabled" or "unable to work" is not dispositive of the issue. The ALJ must review all the medical findings and other evidence presented in support of the attending physician's opinion of total disability. In doing so, the ALJ must weigh the relative worth of a treating physician's report against the reports submitted by other physicians who have examined the claimant.

*Id*. at 47-48 (citations omitted); 20 C.F.R. § 404.1527(e). The determination of disability, which is a legal determination, is ultimately for the Commissioner and not a medical source. 20 C.F.R. §§ 404.1527(e).

The administrative record reflects that the ALJ examined all of the medical findings and evidence of record, including Plaintiff's testimony at the hearing. The ALJ acknowledged that both Drs. Shaughnessy and Altman opined that Plaintiff was unable to work; however, the ALJ found that the opinions of these doctors were contrary to the other medical record of evidence.

The Court finds that the ALJ observed the proper legal standards in evaluating the opinions of the doctors who had treated or examined Plaintiff. Therefore, the Court concludes that there is substantial evidence of record to support the ALJ's decision to reject the opinions of Drs. Shaughnessy and Altman.

3.  *The ALJ Correctly Determined that Plaintiff Retained the Residual Functional Capacity to Perform a Limited Range of Sedentary Work*

The responsibility for determining a claimant's residual functional capacity rests with the ALJ. 20 C.F.R. § 946. The Court finds that the ALJ fully accounted for Plaintiff's physical and mental impairments by limiting her to sedentary work, the lowest exertional level, with the following restrictions, which accommodated Plaintiff's complaints of chronic neck and lower back pain; her complaints that cold weather makes her "sore and achy," and her post-traumatic stress disorder with depressive symptoms and panic attacks:

> 1. she can lift no more than 10 pounds; 2. she has limited ability to reach overhead; 3. she has limited ability to push and pull with her upper and lower extremities; 4. she cannot tolerate exposure to temperature extremes; 5. she is limited to occasional bending, stooping, crouching, climbing, balancing, squatting, walking and/or kneeling; 6. she cannot deal with the public; 7. she cannot make complex decisions; 8. she cannot follow detailed instructions; and 9. she cannot cope with stress in critical situations.

(R. at 20).

The Court finds and rules that the ALJ fully accounted for all of Plaintiff's physical and mental impairments, which were supported by the record, in determining Plaintiff's residual functioning capacity.

### IV.   Conclusion

It is undeniable that Plaintiff has a number of impairments, and this Court is sympathetic and aware of the challenges which Plaintiff faces in seeking gainful employment. Under the applicable standards of review and the current state of the record, however, the Court must defer to the reasonable findings of the ALJ and her conclusion that Plaintiff is not disabled within the meaning of the Social Security Act, and that she remains able to perform a significant range of sedentary work which exists in the national economy.

For these reasons, the Court will grant the Motion for Summary Judgment filed by the Commissioner and deny the Motion for Summary Judgment filed by Plaintiff.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICKI J. LEALI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02:04cv1421 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF COURT

AND NOW, this 7th day of March, 2006, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Motion for Summary Judgment filed by Plaintiff, Vicki J. Leali (Document No. 7) is **DENIED**;

2. The Motion for Summary Judgment filed by Defendant, Jo Anne B. Barnhart, Commissioner of Social Security (Document No. 10) is **GRANTED;** and

3. The Clerk of Court is to mark this case closed forthwith.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:   Robert G. Yeatts, Esquire
      Lewis & Ristvey
      Email: ryeatts@lewisandristvey.com

      Jessica Smolar,
      Assistant U.S. Attorney
      Email: jessica.smolar@usdoj.gov